## QUASH BENNETT V. THE STATE.

*No. 7021. Decided June 4.*

1. **Practice—Impeachment of a Witness.**—The trial court properly permitted the defendant to recall to the stand one P., the only prosecuting witness who testified directly to inculpatory facts, and propound to him certain questions for the purpose of laying a predicate whereon to impeach him. But having laid the proper predicate,

the defendant offered the impeaching testimony, which was excluded by the court upon the ground that by recalling the witness the defendant made him his own witness, and therefore could not impeach him. *Held*, error. By merely recalling the witness to lay the predicate for his impeachment the defendant did not vouch for his credibility, nor impair his right to impeach him.

2.    Same—Impeaching Testimony.—Having laid the proper predicate, the defendant proposed to prove by one S. that recently before the finding of this indictment the witness P. told him, S., that "as soon as the grand jury met he was going before it and indict every man who had gambled in the Brazos bottom, and that he would not stop there, but would indict those who had not gambled." *Held*, that the exclusion of the proposed proof as collateral or irrelevant was error. It was competent for the purpose of showing the animus, ill will, and reckless disregard of truth of the impugned witness.

APPEAL from the County Court of Falls. Tried below before Hon. S. R. Scott, County Judge.

The conviction was for gaming, and the penalty assessed against the appellant was a fine of ten dollars.

*B. H. Rice*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—Henry Phœnix, a witness for the State, was the only witness who testified that defendant played at the game of craps. After said witness had testified, the defendant, with the permission of the court, recalled him and placed him on the witness stand, and propounded questions to him for the purpose of laying a predicate to impeach him. In this there was no error. Garza v. The State, 3 Texas Ct. App., 286; Treadway v. The State, 1 Texas Ct. App., 668.

Having laid the proper predicate for impeaching said witness, defendant offered impeaching evidence which, upon objection made thereto by the State, was rejected upon the ground that by recalling the witness Phœnix the defendant had made said witness his own and could not impeach him. This was error, and inasmuch as said witness furnished the only testimony of defendant's guilt, was material error. By recalling said witness merely for the purpose of laying a predicate to impeach him, the defendant did not vouch for his credibility and was not thereby deprived of the right to impeach him. Nor was the impeaching testimony offered collateral or irrelevant, as it was for the purpose of showing the animus, ill will, and reckless disregard of truth of said witness.

Because the court erred in rejecting the proposed impeaching testimony, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.