## CHARLES HOFHEINTZ v. THE STATE.

### No. 2558.  Decided April 29, 1903.

**1.—Sunday Law—Indictment.**

An indictment for a violation of the Sunday law is not invalid because it charges that, as liquor dealer or keeper of a barroom, the defendant permitted his saloon to be opened on Sunday for traffic.  The use of the disjunctive "or" between "dealer" and "keeper" is not in the alternative, since the words, as used, are synonymous.

**2.—Charge on Weight of Evidence.**

A charge, in a misdemeanor case, upon the weight of evidence will not be ground for reversal under article 723, Code of Criminal Procedure, where it is apparent from the evidence that such charge was not calculated to injure the rights of defendant.

**3.—Erroneous Charge as to Date of Offense.**

Where an indictment for a violation of the Sunday law fixed the date of the offense specifically on the 23d of November, 1902, a charge authorizing a conviction for any Sunday within two years before said date, instead of two years prior to the filing of the indictment, though erroneous, is not cause for reversal where the evidence showed sales made only in the fall of the year 1902.

Appeal from the County Court of Travis.  Tried below before Hon. James R. Hamilton, County Judge.

Appeal from a conviction for permitting barroom or saloon open for traffic on Sunday; penalty, a fine of $20.

The charging part of the indictment is set out in the opinion.

*Faulk & Patterson* and *O. Dickens,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of willfully permitting his saloon and place of business to be opened for the purpose of traffic and sale on Sunday, and his punishment assessed at a fine of $20.

The charging part of the indictment is as follows: That Charles Hofheintz * * * on or about the 23d day of November, 1902, * * * "said day being Sunday, and the said Charles Hofheintz being a trader in a lawful business, to wit, that of a liquor dealer or keeper of a barroom, did then and there unlawfully and willfully open and permit his saloon and place of business to be open for the purpose of traffic and sale, and did then and there barter and sell goods, wares and merchandise therein on said Sunday to a person or persons to the grand jurors unknown, to wit, did sell vinous, spirituous or malt liquors to said person or persons to the grand jurors unknown," etc. Appellant urges various objections insisting that it is in the alternative, and that two contradictory offenses are charged in the same count, in that he is charged with being a trader in a lawful business and keeping his saloon open on Sunday for the purpose of sale; and also that he did then and there unlawfully sell to certain parties unknown, etc. The record before us shows that the State waived any prosecution for the sale of whisky, and the court merely submitted to the jury the question of appellant's keeping his place of business open on Sunday for the purpose of traffic and sale. In Brown v. State, 38 Texas Crim. Rep., 597, where a similar question was under consideration, this court used the following language: "Article 199, Penal Code, 1895, provides: 'Any merchant, grocer or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such peson, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dolars,' etc. Appellant was charged as agent and employe of N. C. Rhodes, who was conducting a saloon business, with unlawfully and willfully keeping open and permitting his store and place of business to be open for the purpose of traffic and sale on Sunday, and also charged with making a sale on Sunday to W. A. Sadler. Now if appellant sold (being engaged in this business) as the agent of Rhodes to W. A. Sadler, certain goods, wares and merchandise on Sunday, he violated the law. If he opened or permitted the saloon to be opened for the purpose of traffic and sale on Sunday, he would be guilty of violating this statute, with or without sale. The proof is unquestioned that the saloon was open on Sunday, and sales of beer and whisky were made to other parties besides Sadler. Concede for the argument that the jury may not have believed Sadler when he swore that he bought whisky, or that a sale was made to him; yet it can not be questioned, when all of the facts are taken together, that the saloon was open for the purpose of business on Sunday. All of the testimony in relation to sales to other people of beer and whisky introduced on the trial of this case was competent to establish the fact that the house was

open on Sunday for the purpose of engaging in the business. This is a misdemeanor; and the indictment contains two allegations, either of which, if found true, establishes an offense. The State was not bound to elect upon which count to proceed, because the statute provides that, if he is proved guilty of either, he could be legally convicted; and it was not necessary for the different states of facts to be set forth in separate counts." That portion of the indictment which charges appellant with being a trader in a lawful business, to wit, "that of a liquor dealer or keeper of a barroom," is not in the alternative, as insisted by appellant, inasmuch as the words "dealer" and "keeper" are synonymous, and in the manner here used mean the same thing. However, we would suggest that the disjunctive "or" should not be used in the indictment in either instance. In view of the fact that the prosecution was based upon the first clause of the indictment, which, in our opinion, is good, and not upon the sale of whisky, as stated in the last clause, we do not deem it necessary to pass upon the validity of the last clause.

Appellant complains of the following portion of the court's charge, given at the instance of the State: "If you believe, from the evidence, beyond a reasonable doubt, that the defendant on the 23d day of November, that day being Sunday, or upon any other Sunday prior to and within two years before said date, did permit his saloon to be open for the purpose of traffic, you will return a verdict of guilty and assess his punishment at a fine of not less than twenty nor more than fifty dollars; and in this connection you are further instructed that if the said defendant did permit his saloon to be open on any Sunday within the period named above, and did then and there sell beer, or any other malt liquor, to any person whomsoever, he is guilty of permitting his saloon to be open for the purpose of traffic." Appellant insists that this charge is upon the weight of the evidence, and also that it is erroneous, in that it permits the jury to convict defendant for any time prior to November 23, 1902, the day alleged in the indictment, instead of two years prior to December 17, 1902, the date of the filing of the indictment. This last contention is correct. The charge is also on the weight of the evidence. But in view of the evidence before us, we do not think either of these errors were calculated to injure the rights of appellant, and under article 723, Code of Criminal Procedure, we are not authorized to reverse, unless it is so made to appear. There is no positive evidence from any witness that any sales were made, except in the fall of 1902. Nor is there any evidence controverting the fact that the saloon was kept open for business at that time. In view of the testimony, we do not see how the charge could have injured the rights of appellant.

At the instance of the State, the court also gave this charge to the jury: "If you believe, from the evidence, beyond a reasonable doubt, that defendant did permit his saloon to be open on Sunday for the purposes of traffic within two years prior to November 23, 1902, you must return a verdict of guilty, even though said defendant did have a board-

ing house or hotel open at the same time." This charge presents a correct rule of law subject to the criticism above stated.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]