## Ira W. Collins v. State.

### No. 2074. Decided January 8, 1913.

### Rehearing denied January 29, 1913.

**1.—Practicing Medicine—Sufficiency of the Evidence.**

Where, upon trial of unlawfully practicing medicine without license, the evidence sustained the conviction, there was no error.

**2.—Same—Continuance—Attorney and Client.**

Where the record showed that the court postponed the case for half a day on account of the absence of one of defendant's attorneys, and that another member of the firm represented defendant on trial, there was no error in overruling his motion for continuance on that ground.

**3.—Same—Charge of Court—Misdemeanor.**

In the absence of a requested charge and bills of exceptions to the court's charge in a trial for a misdemeanor, this court cannot review the matter. Following Giles v. State, 148 S. W. Rep., 320, and other cases.

**4.—Same—Absence of License to Practice—Sufficiency of Evidence.**

Where, upon trial of unlawfully practicing medicine, the State went further than it was required to go by showing affirmatively that defendant had no license registered, either an original issued to him by said board of medical examiners, or a verification license issued to him based on any diploma, a simple diploma without showing that defendant passed an examination and got a regular license from the board of examiners, or a verification certificate, was not sufficient and the conviction was sustained.

**5.—Same—System—Method.**

It is not necessary under the law that the State should show that defendant's practice of medicine without license was by any system or method, but all that it is necessary to show is that he treated disease or disorder, mental or physical, and charged therefor without license. Following Ex Parte Collins v. State, 57 Texas Crim. Rep., 2, and other cases.

**6.—Same—Argument of Counsel.**

In the absence of requested charges, and the record showing that the court promptly sustained defendant's objection to the argument of State's counsel and orally instructed the jury not to consider same, there was no error. Following Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

Appeal from the County Court of El Paso. Tried below before the Hon. Albert S. Eylar.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $200 and one day confinement in the county jail.

The opinion states the case.

*Pattison, Buckler and Woodson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of unlawfully practicing medicine without license, and fined $200 and one day confinement in jail.

The complaint and information charge that appellant publicly professed to practice and did practice medicine, to wit: osteopathy and that he did, for compensation, treat and offer to treat by said system of osteopathy one Fouch for a disease of the hand known as blood poison, and was paid $2 therefor; that he did this without first registering in the office of the District Clerk of El Paso County, Texas, in which county and State he then and there resided, his authority and license from the Board of Medical Examiners of this State as a practitioner and to practice medicine upon human beings, together with a statement subscribed by him and verified by his oath, of his age, post-office address, place of birth and school of practice to which he professed to belong.

The proof is clear and uncontradicted. It shows that appellant resided in El Paso in said State at the time he is charged with the violation of said law; that on December 12, 1911, said Fouch went to him for the purpose of having appellant to treat his hand which was sore and had been hurt in September; that he employed appellant to treat his hand and appellant told him he could cure the said ailment and any disease; that appellant treated him by rubbing his back, pulling his legs and arms and twisting his head and neck around in different ways; that he returned to appellant and appellant treated him in a like manner four successive times, making five in all, for which he paid appellant for the first treatment $2 and to his secretary for appellant $2 for each of the other four treatments. That his treatment did his hand no good but appeared to make it worse. The witness, Fouch, on his cross-examination showed that he felt very unkindly toward appellant because of his treatment of his hand and making it worse than it was before then. He further testified that Dr. Collins, appellant, called himself an osteopath. The State next proved by the deputy district clerk that there was no record in his office in any of his books showing that appellant had registered therein his authority from the State Medical Board for practicing medicine or practicing osteopathy, giving his age, postoffice address, place of birth and school of medicine to which he professed to belong, subscribed and verified by his oath; that the only record in his office was the appellant's name, his residence as El Paso, Texas, that he was a male and that he was doctor of osteopathy and had a diploma from

Kirksville, Missouri. The date of his certificate or diploma was June 5 (25), 1903, and that it was registered October 15, 1907; that his age was 43 and place of birth Stiles, Iowa, and to the diploma was signed A. T. Stiles, Treas., W. Hamilton, Sec., A. T. Still, Pres. This was all the testimony by the State. Then the defendant introduced his diploma from the American School of Osteopathy at Kirksville, Missouri, signed by A. T. Still, President, and by W. Hamilton, Secretary, and by four others, who signed as trustees of said school, together with the members of the faculty, the diploma being under the corporate seal of said school and bearing date June 25, 1903. Said diploma recited that, "Ira W. Collins having completed the required study and attended the full course of lectures and demonstrations and having passed satisfactory examinations in all branches of learning taught in this school is hereby admitted to the degree of Doctor of Osteopathy."

This evidence, we think, without doubt and without contradiction, shows that appellant was a Doctor of the School of Osteopathy, called himself an osteopath and that he practiced such at the time and place and on the person charged in the complaint and information that he did treat said Fouch for a disease of his hand, claiming that he could cure it or any other disease and that he charged and was paid therefor.

There was no reversible error in the court's overruling appellant's motion for a continuance, the ground therefor being that his main attorney was a member of the firm of attorneys who represented him and with whom he had consultations about this case, and was absent. It shows that the court postponed the case for a half day on that account and that while that particular attorney did not return and help try the case another member of the firm did represent him in the trial.

No bill of exceptions was taken during the trial to the charge of the court or any part thereof and no special charge or charges were requested. It has been so often and so uniformly decided by this court that under such circumstances this court can not consider objections to a charge in a misdemeanor case, made first in a motion for new trial, that it is unnecessary to restate or cite all the authorities to that effect, but see Giles v. State, 66 Texas Crim. Rep., 638; 148 S. W. Rep., 317, where the rule is stated and some of the cases cited; also Perkins v. State, 65 Texas Crim. Rep., 311; 144 S. W. Rep., 241; Golden v. State, 66 Texas Crim. Rep., 262; 146 S. W. Rep., 945, and many other cases recently, as well as for years, decided by this court. However, we have carefully gone over all of appellant's complaints of the charge of the court in this case and in our opinion none of them show reversible error.

After the State made the proof it did, it clearly devolved upon appellant to prove, if it was true that he had a license, whether it was an original one issued to him by the Board of Medical Examiners on examination or a verification certificate or license, based on a diploma. The State even went further than it was required to go

at all by showing affirmatively that appellant had no license registered, either an original issued by him by said Board by the Board of Medical Examiners, or a verification license issued to him based on any diploma he may have had. Clearly under our law, although he had a diploma from the school of osteopathy, which he introduced and which evidently was the one that he had registered, did not entitle him to practice his profession without standing an examination and getting a regular license from the Board, of Examiners, or producing his diploma or other documents before said, board and getting from it a verification certificate or license, and whichever he had, properly registering it with the necessary affidavit made by him. Not only did he fail to show either character of license or the proper registration thereof, but the State affirmatively showed that he had neither so registered.

The main contention of appellant seems to be that it was incumbent upon the State to prove that he practiced, either generally or on this particular patient by some particular "system or method" and, as the State had not so proven that he practiced by some particular "system or method" that therefore his conviction was erroneous. We do not so understand the statute. It is not incumbent upon the State to show that his practice was by any system or method but simply and solely that he treated a disease or disorder, mental or physical, and charged therefor, whether that treatment was by any system or method or not. In other words, the law, as we understand it, does not permit anyone to treat any disease or disorder and charge therefor, without first getting a license or a verification license and having it properly registered in the district clerk's office of his residence, whatever his method or system of treatment, or whether he has any method or system or not.

This Act of the Legislature has many times been before this court and construed, and as we understand their trend, if not direct holding, all of the decisions, have been to the above effect. See Milling v. State, 150 S. W. Rep., 434; Stiles v. State, 66 Texas Crim. Rep., 665; 148 S. W. Rep., 326; Ex Parte Collins, 57 Texas Crim. Rep., 2; Collins v. State, 223 U. S., 288; Singh v. State, 66 Texas Crim. Rep., 156; 146 S. W. Rep., 891; Germany v. State, 62 Texas Crim. Rep., 276; Dankworth v. State, 61 Texas Crim. Rep., 157; Newman v. State, 58 Texas Crim. Rep., 223.

Appellant has two bills complaining of the remarks made by the prosecuting attorney in argument before the jury. Both of these bills show that when he objected thereto, the court promptly sustained his objections and orally told the jury not to consider the same. The bills are very meager and do not show the surrounding circumstances and in no way show any reversible error. Besides this, he did not ask special written charges requiring the jury not to consider these remarks. Doubtless as the court sustained his objections and orally instructed the jury not to consider them, he would have given writ-

ten instructions if they had been requested by the appellant. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119, and cases there cited.

We are clearly of the opinion that no honest jury, could have found a verdict from the evidence and law in this case other than that of conviction. There being no reversible error shown, the judgment is in all things affirmed.                                        *Affirmed.*

[Rehearing denied, January 29, 1913.—Reporter.]