JESS FOWLER v. THE STATE.

No. 6187. Decided May 25, 1921.

Rehearing denied June 22, 1921.

**1.—Murder—Argument of Counsel—Practice on Appeal—Bill of Exceptions.**

It is well settled that it must appear in the bill of exceptions making it reasonably apparent what the error was, and in case of argument of counsel the bill should affirmatively show that such argument is not in answer to something said by counsel for the accused, or was not based on some evidence in the record, and that it was hurtful to the accused and not properly before the jury, etc., Following O'Neal v. State, 66 Texas Crim. Rep., 460, and other cases; and where this is not shown on appeal, there is no error.

**2.—Same—Misconduct of Jury—Rule Stated—Practice on Appeal.**

Where it was complained that a reference was made by one juror to defendant's failure to testify, and the court heard evidence in support of this, but the bill of exceptions was not filed until long after the adjournment

of the trial setting up this matter, the same cannot be considered on appeal. Following Salazar v. State, 88 Texas Crim. Rep., 209.

**3.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

A statement of his grounds of objection by defendant is not tantamount to a showing that such grounds are in fact true; and this court has held uniformly that facts must appear in the bill which show the error complained of. In addition to this defect in the bill, no error appears inasmuch as the trial court sustained the objection of the defendant.

**4.—Same—Evidence—Threats—Presumption.**

There was no error in refusing to allow a witness to testify that defendant was a man of ordinary hearing, and it was a legitimate assumption in the instant case that the alleged threats were made in defendant's hearing.

**5.—Same—Credibility of Witness—Rule Stated.**

Where the defense witness admitted that he had been indicted and acquitted for murder, and the State asked the witness what was the ground of his acquittal to which he answered: "self-defense," there was no reversible error, no injury having been shown to the defendant. Following Post v. State, 10, Texas Crim. App.. 579.

**6.—Same—Affidavit—Official Stenographer—Practice on Appeal.**

Affidavits of the official stenographer and clerk of the trial court as to the expiration of the trial term and the length of the time necessary to prepare the statement of facts adduced on re-hearing of the motion for new trial, to show that the testimony offered on said hearing was not filed during the term time, were proper, in the absence of some showing to the contrary.

**7.—Same—Rehearing—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions failed to show any error for the reason set out in the original opinion, motion for rehearing is overruled.    ,

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.—On question of admitting hearsay: Burnett v. State, 79 S. W. Rep., 551; Plummer v. State, 218 S. W. Rep., 499.

On question of misconduct of jury: Buessing v. State, 63 S. W. Rep., 318.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—On question of argument of counsel: Mooney v. State, 176 S. W. Rep., 52; Himmelfarb v. State, 174 id., 589.

On question of bill of exceptions: Perry v. State, 155 S. W. Rep., 263.

On question of misconduct of jury: Shaw v. State, 32 Texas Crim. Rep,. 155; Adams v. State, 48 id., 452; Sheffield v. State, 48 id., 481.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County, Texas, of the offense of murder, and his punishment fixed at confinement in the penitentiary for a period of ten years.

An extended statement of the facts in this case would serve no useful purpose. All parties to the transaction were negroes, and the homicide occurred in front of a negro restaurant, above which was a social club frequented by members of the same race. It appears that a difficulty had occurred in said social club room between appellant and a negro named Waldon, and that after said difficulty occurred Waldon had gone downstairs something like half an hour prior to the shooting resulting in the death of deceased, who was a negro woman and apparently sitting in a chair in front of said restaurant at the time she was shot. At the time of the killing appellant came downstairs and Waldon, who was across the street started West toward the front of said restaurant, and was fired at by appellant, and as Waldon ran into the restaurant appellant fired again twice, one of which shots took effect in the body of deceased, resulting in her death almost immediately.

Two special charges were asked by appellant and both were given. There are five bills of exception in the record.

Bill of exceptions No. 1 complains of the argument of the State's attorney. It is set forth that in said argument, after referring to appellant as a "blue-eyed negro," and to him and his witnesses as "smooth-faced, well-kept, well-dressed, well-fed negroes," and after stating that the jury did not know how these negroes made their living or who made it for them, that State's attorney further referred to appellant as a "long, lean, lanky, sallow-faced blue-eyed negro," to which language exception was taken. The bill states no ground of exception. It is well settled that sufficient must be made to appear in a bill of exceptions to make reasonably apparent the error complained of, and when the matter objected to is argument of counsel, the bill should affirmatively show that such argument is not in answer to something said by counsel for the accused, or was not based on some evidence in the record, and that it was a statement of some matter hurtful to the accused and not properly before the jury, or for some reason was inflammatory or abusive, and calculated to injure the cause of the accused. O'Neal v. State, 66 Texas Crim. Rep., 460, 146 S. W. Rep., 938; Collins v. State, 68 Texas Crim. Rep., 354, 152 S. W. Rep., 1047; Eads v. State, 170 S. W. Rep., 145; Whitehead v. State, 61 Texas Crim. Rep., 558; Conger v. State, 63 Texas Crim. Rep., 312. We would hardly feel inclined to think that reference to the appearance of appellant in no stronger terms than that he was long, lean, lanky, sallow-faced, or blue-eyed, would be such as could under any circumstances be deemed abusive or inflammatory, but in the condition this bill comes

89 Tex.—40

before us it does not present any facts or surroundings from which we might be able to perceive any injury, and, we, therefore, conclude that error is not shown.

Bill of exceptions No. 2 urges misconduct of the jury in that a reference was made by one juror to the failure of appellant to testify in the case. The trial court heard evidence in support of this ground of the motion for new trial. We find ourselves unable to consider the matter complained of in this bill of exceptions for the reason that the term of the court below at which this trial was had, adjourned on December 31, 1920, and this bill of exceptions containing the facts adduced on the hearing of the said motion for new trial, was not filed until January 15, 1921, or long after the adjournment of the trial term. An unbroken line of decisions of this court holds that bills of exception and statement of facts containing the evidence heard in support of such motion for new trial, must be filed during the term. Branch's Ann. P. C. Sec. 572; Salzar v. State, 88 Texas Crim. Rep., 209, 225 S. W. 538.

Bill of exceptions No. 3 presents appellant's objection to a question asked by State's counsel of one Will Trezevant, a State witness. Said question was as follows: "Now Will, at the time the defendant came down that stairway tell the jury whether or not Henry Waldon had already started over towards the restaurant or not?" No objection was made to the question, which was answered as follows: "Yes, sir, he had already started in that direction; he said, 'I am going,' he said 'I will listen at you and I will go home.' " After said answer was given appellant's counsel made a general objection, which the trial court stated he would overrule, but explained to counsel for the defense that he had stated no grounds of objection, whereupon the defense stated fully its grounds of objection as follows: "It appears that what was said by the deceased was said by him at a place across the street, the width of the street there in front of the restaurant and club house distance from where the shooting took place and was not in the presence of the defendant and was out of his hearing and because it appears that the defendant did not hear said statement and was not apprised of the same at the time." When this statement was made the court below said, "Sustain the objection," and this seems to have ended the matter. In this condition no reversible error is presented. In the first place, the statement of his grounds of objection by appellant is not tantamount to a showing that such grounds are in fact true, and this court has held uniformly that facts must appear in the bill which show the error complained of. In other words, it is not enough for the appellant to say that he objects because the statement made was out of his presence and hearing and at a time when the party making same was across the street, and that appellant did not hear it; this being merely a statement of his objection. Approval by the trial court of this, amounts to no more than the certificate of said court to the fact that such objection was made. To illustrate: A is offered as a witness; the defense ob-

jects because he is an unpardoned convict. The trial court overrules the objection and approves a bill of exceptions setting forth only what we have just stated. No error would appear, for it is apparent that the assertion thereof by appellant in his objection would not establish the fact relied on, nor justify the trial court, nor this court on appeal, in assuming that the matter stated as grounds of objection was in fact true. In addition to this defect in the bill under consideration, no error appears inasmuch as the trial court sustained the objection of appellant when stated. Having obtained at the hands of the trial court that which he sought, we cannot see just what complaint appellant has.

We see no error in refusing to allow a witness to testify that appellant was a man of ordinary hearing. Threats of Waldon, at whom the shots of appellant were directed, toward him were proven to have been made within five feet of appellant some half hour prior to the shooting, and in the absence of any proof to the contrary we think it a legitimate assumption that said threats were in hearing of appellant.

Bill of exceptions No. 5 complains that the defense witness Hilson, having admitted that he had been indicted and having stated on redirect examination that he had been acquitted for murder, was asked by the State what was the ground of his acquittal, and answered over objection that it was self-defense. We do not think the question or answer material or pertinent, but are unable to perceive any possible injury to appellant therefrom. Hilson's credibility as a witness only was involved in the fact of his prior indictment for a felony, and, to whatever extent it went, such attack was rebutted by the fact of his acquittal of the charge. This court has gone possibly further than was necessary in allowing witnesses to make explanations calculated to minimize the supposed taint resulting from indictments for felony, and it appears in this case that the State had in view that it was entitled to show facts which would make less weighty the acquittal of the witness. We do not think this is correct, but as the witness answered in the instant case that he was acquitted on the ground of self-defense, we cannot believe it possible for this erroneous matter to have been harmful. We have always held that mere error, unless in some conceivable way hurtful, would not require reversal. Post v. State, 10 Texas Crim. App., 579; King v. State, 42 Texas Crim. Rep., 108: Hester v. State, 15 Texas Crim. App., 567; Hoffheintz v. State, 45 Texas Crim. Rep., 117; Santos v. State, 65 Texas Crim. Rep., 518, 146 S. W. Rep., 919.

Affidavits of the official stenographer and clerk of the trial court as to the expiration of the trial term and the length of time necessary to prepare the statement of facts adduced on the hearing of the motion for new trial, appear in the record. We apprehend same are intended to afford a reason why the bill of exceptions showing the testimony offered on said hearing, was not filed during the term time. No reason is stated why said motion was not heard earlier during the term. It is not made to appear that the trial court arbitrarily refused to hear same at an earlier date. The trial of appellant was early in December, and his

motion for new trial was overruled December 30th, and court adjourned December 31st. The said evidence covers thirty-seven pages of typewritten matter which, in the absence of some showing to the contrary, would appear to be a matter that could have been prepared in a few hours time. No effort to hold the term of the trial court open to conclude this matter is shown.

We have carefully examined each matter set up in behalf of the appellant, and finding no reversible error the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 22, 1921.

LATTIMORE, JUDGE.—In his motion for rehearing appellant complains at our criticism of the form of his bill of exceptions No. 3 which is set out rather fully in said opinion. We stated that said bill did not show error because it did not affirmatively appear therefrom that the statements of the party at whom appellant was shooting, as detailed by the witness Will Trezevant, were not shown to have been out of the presence and hearing of the appellant. Had we stopped with this statement we would have avoided the criticism of our opinion. We think the bill of exceptions fails to show any error for the reasons mentioned.

We have examined the other grounds of said motion and do not think same are well taken, and it is therefore overruled.

*Overruled.*