FOWLER v. STATE. (No. 6187.)

(Court of Criminal Appeals of Texas. May 25, 1921. Rehearing Denied June 22, 1921.)

1. Criminal law ⬤⟞1091(8)—Bill of exceptions to counsel's argument should specify the objection.

A bill of exceptions must make reasonably apparent the error complained of, and if the objection be to counsel's argument, the bill should affirmatively show that it is not in answer to something said by counsel for the accused, or was not based on some evidence, and that it was the statement of some matter hurtful to the accused, and not properly before the jury, or for some reason inflammatory or abusive and calculated to injure accused.

2. Criminal law ⬤⟞1092(5)—Bill of exceptions must be filed during trial term.

A bill of exceptions on the ground that one juror made reference to defendant's failure to testify must be filed during the trial term to be considered on review.

3. Criminal law ⬤⟞1091(10)—Statement of grounds of objection is not tantamount to a showing that such grounds are in fact proved.

The statement of grounds of objection by appellant is not tantamount to a showing that such grounds are in fact proved, and the facts must appear in the bill of exceptions, which show the error complained of, it not being enough for the defendant to say that he objects because a statement was made out of his presence, at a time when the party making the same was across the street, and that appellant did not hear it; this being merely a statement of his objections.

4. Homicide ⬤⟞190(9)—Testimony that defendant was a man of ordinary hearing and could have heard threats of deceased held properly refused.

In a prosecution for murder, it was not error to refuse to allow witness to testify that defendant was a man of ordinary hearing, where deceased's threats, directed toward defendant, were proven to have been made within five feet of defendant, some half hour before shooting, and in the absence of contrary proof it is a legitimate assumption that threats were in defendant's hearing.

5. Criminal law ⬤⟞1170½(2)—Witnesses ⬤⟞345(1)—State's asking defendant's witness, who admitted his indictment and acquittal of murder, what his defense was, held improper, but without injury to defendant.

In a prosecution for murder, where defendant's witness admitted he had been indicted for and acquitted of murder, and the state's counsel asked the ground of his defense, to which he replied "Self-defense," held not a material or pertinent question, but without injury to defendant; the witness' credibility only being involved.

6. Criminal law ⬤⟞1091(11)—Absence of bill of exceptions showing evidence held not justified.

In a prosecution for murder, where the evidence covers 37 pages of typewritten matter, in the absence of a contrary showing, it would appear that the evidence could have been prepared in a few hours and the absence of bill of exceptions showing the evidence is not thereby justified.

Appeal from District Court, Tarrant County; George E. Hosey, Judge.

Jess Fowler was convicted of murder, and he appeals. Affirmed.

Baskin Eastus & Greines, of Fort Worth, for appellant.

C. M. Cureton, Atty. Gen., C. L. Stone, Asst. Atty. Gen., and Jesse M. Brown, Crim. Dist. Atty., of Fort Worth, for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Tarrant county, Tex., of the offense of murder, and his punishment fixed at confinement in the penitentiary for a period of 10 years.

An extended statement of the facts in this case would serve no useful purpose. All parties to the transaction were negroes, and the homicide occurred in front of a negro restaurant, above which was a social club, frequented by members of the same race. It appears that a difficulty had occurred in said social clubroom between appellant and a negro named Waldon, and that after said difficulty occurred Waldon had gone downstairs something like half an hour prior to the shooting, resulting in the death of the deceased, who

was a negro woman, and apparently sitting in a chair in front of said restaurant at the time she was shot. At the time of the killing appellant came downstairs and Waldon, who was across the street, started west toward the front of said restaurant, and was fired at by appellant, and as Waldon ran into the restaurant appellant fired again twice, one of which shots took effect in the body of deceased, resulting in her death almost immediately.

Two special charges were asked by appellant, and both were given. There are five bills of exception in the record.

[1] Bill of exceptions No. 1 complains of the argument of the state's attorney. It is set forth that in said argument, after referring to appellant as a "blue-eyed negro," and to him and his witnesses as "smooth-faced, well-kept, well-dressed, well-fed negroes," and after stating that the jury did not know how these negroes made their living or who made it for them, that state's attorney further referred to appellant as a "long, lean, lanky, sallow-faced, blue-eyed negro," to which language exception was taken. The bill states no ground of exception. It is well settled that sufficient must be made to appear in a bill of exceptions to make reasonably apparent the error complained of, and when the matter objected to is argument of counsel, the bill should affirmatively show that such argument is not in answer to something said by counsel for the accused, or was not based on some evidence in the record, and that it was a statement of some matter hurtful to the, accused, and not properly before the jury, or for some reason was inflammatory or abusive, and calculated to injure the cause of the accused. O'Neal v. State, 66 Tex. Cr. R. 460, 146 S. W. 938; Collins v. State, 68 Tex. Cr. R. 354, 152 S. W. 1047; Eads v. State, 170 S. W. 145; Whitehead v. State, 61 Tex. Cr. R. 558, 137 S. W. 356; Conger v. State, 63 Tex. Cr. R. 312, 140 S. W. 1112. We would hardly feel inclined to think that reference to the appearance of appellant in no stronger terms than that he was long, lean, lanky, sallow-faced, or blue-eyed would be such as could under any circumstances be deemed abusive or inflammatory, but in the condition this bill comes before us it does not present any facts or surroundings from which we might be able to perceive any injury, and we therefore conclude that error is not shown.

[2] Bill of exceptions No. 2 urges misconduct of the jury, in that a reference was made by one juror to the failure of appellant to testify in the case. The trial court heard evidence in support of this ground of the motion for new trial. We find ourselves unable to consider the matter complained of in this bill of exceptions, for the reason that the term of the court below at which this trial was had adjourned on December 31, 1920, and this bill of exceptions, containing the facts adduced on the hearing of the said motion for new trial, was not filed until January 15, 1921, or long after the adjournment of the trial term. An unbroken line of decisions of this court holds that bills of exception and statement of facts containing the evidence heard in support of such motion for new trial must be filed during the term. Branch's Ann. P. C. § 572; Salazar v. State, 225 S. W. 538.

[3] Bill of exceptions No. 3 presents appellant's objection to a question asked by state's counsel of one Will Trezevant, a state witness. Said question was as follows:

"Now, Will, at the time the defendant came down that stairway, tell the jury whether or not Henry Waldon had already started over towards the restaurant or not."

No objection was made to the question, which was answered as follows:

"Yes, sir; he had already started in that direction; he said, 'I am going.' He said, 'I will listen at you, and I will go home.'"

After said answer was given appellant's counsel made a general objection, which the trial court stated he would overrule, but explained to counsel for the defense that he had stated no grounds of objection, whereupon the defense stated fully its grounds of objection as follows:

"It appears that what was said by the deceased was said by him at a place across the street, the width of the street there in front of the restaurant and clubhouse distance from where the shooting took place, and was not in the presence of the defendant, and was out of his hearing, and because it appears that the defendant did not hear said statement, and was not apprised of the same at the time."

When this statement was made the court below said, "Sustain the objection," and this seems to have ended the matter. In this condition no reversible error is presented. In the first place, the statement of his grounds of objection by appellant is not tantamount to a showing that such grounds are in fact true, and this court has held uniformly that facts must appear in the bill which show the error complained of. In other words, it is not enough for the appellant to say that he objects because the statement made was out of his presence and hearing, and at a time when the party making same was across the street, and that appellant did not hear it; this being merely a statement of his objection. Approval by the trial court of this amounts to no more than the certificate of said court to the fact that such objection was made. To illustrate: A. is offered as a witness; the defense objects because he is an unpardoned convict. The trial court overrules the objection, and approves a bill of exceptions, setting forth only what we have just stated. No error would appear, for it is apparent that the assertion thereof by ap-

pellant in his objection would not establish the fact relied on, nor justify the trial court, nor this court on appeal, in assuming that the matter stated as grounds of objection was in fact true. In addition to this defect in the bill under consideration, no error appears, inasmuch as the trial court sustained the objection of appellant when stated. Having obtained at the hands of the trial court that which he sought, we cannot see just what complaint appellant has.

[4] We see no error in refusing to allow a witness to testify that appellant was a man of, ordinary hearing. Threats of Waldon, at whom the shots of appellant were directed, toward him were proven to have been made within five feet of appellant some half hour prior to the shooting; and, in the absence of any proof to the contrary, we think it a legitimate assumption that said threats were in hearing of appellant.

[5] Bill of exceptions No. 5 complains that the defense witness Hilson, having admitted that he had been indicted, and having stated on redirect examination that he had been acquitted for murder, was asked by the state what was the ground of his acquittal, and answered, over objection, that it was self-defense. We do not think the question or answer material or pertinent, but are unable to perceive any possible injury to appellant therefrom. Hilson's credibility as a witness only was involved in the fact of his prior indictment for a felony, and, to whatever extent it went, such attack was rebutted by the fact of his acquittal of the charge. This court has gone possibly further than was necessary in allowing witnesses to make explanations calculated to minimize the supposed taint resulting from indictments for felony, and it appears in this case that the state had in view that it was entitled to show facts which would make less weighty the acquittal of the witness. We do not think this is correct, but as the witness answered in the instant case that he was acquitted on the ground of self-defense, we cannot believe it possible for this erroneous matter to have been harmful. We have always held that mere error, unless in some conceivable way hurtful, would not require reversal. Post v. State, 10 Tex. App. 579; King v. State, 42 Tex. Cr. R. 108, 57 S. W. 840, 96 Am. St. Rep. 792; Hester v. State, 15 Tex. App. 567; Hofheintz v. State, 45 Tex. Cr. R. 117, 74 S. W. 310; Santos v. State, 65 Tex. Cr. R. 518, 146 S. W. 919.

[6] Affidavits of the official stenographer and clerk of the trial court as to the expiration of the trial term and the length of time necessary to prepare the statement of facts adduced on the hearing of the motion for new trial appear in the record. We apprehend same are intended to afford a reason why the bill of exceptions showing the testimony offered on said hearing was not filed during the term time. No reason is stated why said motion was not heard earlier during the term. It is not made to appear that the trial court arbitrarily refused to hear same at an earlier date. The trial of appellant was early in December, and his motion for new trial was overruled December 30th, and court adjourned December 31st. The said evidence covers 37 pages of typewritten matter, which, in the absence of some showing to the contrary, would appear to be a matter that could have been prepared in a few hours time. No effort to hold the term of the trial court open to conclude this matter is shown.

We have carefully examined each matter set up in behalf of the appellant, and, finding no reversible error, the judgment will be affirmed.

### On Motion for Rehearing.

In his motion for rehearing appellant complains at our criticism of the form of his bill of exceptions No. 3, which is set out rather fully in said opinion. We stated that said bill did not show error because it did not affirmatively appear therefrom that the statements of the party at whom appellant was shooting, as detailed by the witness Will Trezevant, were not shown to have been out of the presence and hearing of the appellant. Had we stopped with this statement we would have avoided the criticism of our opinion. We think the bill of exceptions fails to show any error for the reasons mentioned.

We have examined the other grounds of said motion, and do not think same are well taken, and it is therefore overruled.