### HORACE O'NEAL v. THE STATE.

No. 94.    Decided November 10, 1909.

**Local Option—Evidence—Animus of Witness.**

Upon trial of a violation of the local option law, it was error not to permit the defendant to show the animus of the State's witness, to the effect that defendant had refused to pay witness' fine for violations of the local option law. Following Rosborough v. State, 21 Texas Crim. App., 672, and other cases.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and forty days confinement in the county jail.

The opinion states the case.

*E. J. Smith* and *J. Q. Adamson,* for appellant.—On question of refusing defense to show ill-will, animus and motive of State's witness: Carroll v. State, 32 Texas Crim. Rep., 434; Lights v. State, 21 Texas Crim. App., 309; Watson v. State, 9 Texas Crim. App., 245; Daffin v. State, 11 Texas Crim. App., 79; Woodson v. State, 24 Texas Crim. App., 162; Miller v. State, 28 Texas Crim. App., 446.

*F. J. McCord,* Assistant Attorney-General, and *Jas. P. Haven,* Assistant County Attorney, for the State.—On question of cross-examination of witness touching his credibility: Thompson v. State, 11 Texas Crim. App., 55; Brookin v. State, 26 Texas Crim. App., 121, 9 S. W. Rep., 737.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at $75 fine and forty days in jail. The action of court having talesmen summoned is not discussed as it may not occur upon another trial.

Whitehead was used as a witness by the State and on his testimony the conviction was obtained. He was very closely cross-examined; the testimony showing that he had been convicted in several local option cases and had several still pending against him. Appellant, among other things, desired to elicit from the witness on cross-examination the fact that he had approached appellant while he, the witness, was

a county convict, with the request that appellant furnish the money to pay his, witness', fines, and became angered with appellant because he refused.   In other words, the cross-examination in regard to this matter was urged in order to elicit from the witness his adverse personal feelings toward appellant.   The court refused to permit this testimony to go before the jury.   In this there was error.   Animus, motive or ill-will of a prosecuting witness is never a collateral or irrelevant question in a criminal case.   The bias or prejudice can thus be shown and is in most cases of great importance and is always material in order to enable the jury to form a correct judgment as to the credit to which the testimony of the witness is entitled.   Rosborough v. State, 21 Texas Crim. App., 672; Hart v. State, 15 Texas Crim. App., 202; Gregory v. State, 48 S. W. Rep., 577; Reddick v. State, 47 S. W. Rep., 993, and for a great number of authorities see White's Annotated Code Criminal Procedure, section 1108.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*