### EARLE v. STATE.

(Court of Criminal Appeals of Texas. Jan. 17, 1912.)

1. CRIMINAL LAW (§ 1120*) — APPEAL — EXCLUSION OF EVIDENCE—REVIEW.

Where the bill of exceptions, complaining of the exclusion of testimony does not show the purpose for which the testimony was sought, the ruling cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2937; Dec. Dig. § 1120.*]

2. WITNESSES (§ 344*)—IMPEACHMENT.

That the husband of the prosecuting witness on a trial for theft had obtained a divorce from her on the ground of her adultery is inadmissible to impeach her.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1120, 1125; Dec. Dig. § 344.*]

3. WITNESSES (§ 372*)—CROSS-EXAMINATION—ANIMUS.

It is error to exclude questions asked prosecuting witness on cross-examination to show her animus toward accused, and her answer in response to a question whether she desired to see accused sent to the penitentiary, that that was a matter for the court, did not disclose her feelings toward accused, and it was error to refuse to require her to answer

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

further questions calling for a disclosure of her feelings of enmity toward accused.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1192–1199; Dec. Dig. § 372.*]

4. WITNESSES (§ 388*)—IMPEACHMENT—CONTRADICTORY STATEMENTS.

A state's witness who gives testimony on the trial different from that testified to at the examining trial, may be impeached by proof of such conflict on a proper predicate being laid therefor.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1233–1242; Dec. Dig. § 388.*]

Appeal from District Court, Cherokee County; James I. Perkins, Judge.

Abram Earle was convicted of hog theft, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for hog theft. It was a closely contested case on the facts. The state introduced evidence to the effect that appellant killed the hog. His evidence is a strong denial. The state witnesses were impeached as to general reputation; such reputation was shown to be bad for veracity.

[1, 2] The first bill of exceptions is as follows: "The defendant offered the following testimony by Sarah Cox, the prosecutrix. The witness Sarah Cox, having testified to the fact that she was divorced from her husband on the grounds of adultery, and had the witness been required to answer, she would have stated that her husband had obtained a divorce upon the grounds of adultery, to which decision of the court, the defendant tenders his bill of exception, and asks that same be signed and filed as a part of the record in this cause." Except inferentially it is not shown that the witness was not permitted to answer that her husband obtained the divorce on the ground of adultery. The purpose for which this testimony was sought is not stated in the bill. It, therefore, cannot be considered. If it was sought for the purpose of impeachment, we are of opinion that the ruling of the court was correct under the following authorities: Webb v. State, 36 Tex. Cr. R. 43, 35 S. W. 380; Jennings v. State, 42 Tex. Cr. R. 83, 57 S. W. 642; Hightower v. State, 53 Tex. Cr. R. 487, 110 S. W. 750.

[3] The second bill of exceptions was on the cross-examination of the same witness, Sarah Cox. The bill recites as follows: "Q. Do you want to see him sent to the penitentiary? Witness answers, 'That is for the court.' Whereupon the defendant, further interrogating the witness, stated to the witness, 'That is not the question,' whereupon the court interpolated as follows: 'Yes; and that is a sufficient answer.' Had the court required the witness to answer, she would have testified to bitter and intense enmity toward the defendant, and that she had expressed a wish that he be sent to the petitentiary,

and the court sustained said objection, and excluded said testimony, to which decision of the court the defendant then and there excepted, and tenders this bill of exception." The court signs this with this statement: "As qualified and explained by statement of facts." The statement of facts does not seem to shed any particular light on it. However, we copy the questions and answers as shown by the statement of facts, as follows: "Q. You want to see him sent to the penitentiary? State: I object to that. Defendant: I insist on an answer. Court: Answer the question. Q. Do you want to see him sent to the penitentiary for stealing that hog of yours? A. That is for the court. Defendant: That is not the question. Court: Yes, sir; that is a sufficient answer."

The statement of facts and bill of exceptions seem to be practically the same except what the answer would have been, had she been permitted to testify, to wit, that she would have testified to bitter and intense enmity toward the defendant, and that she had expressed a wish that he be sent to the penitentiary. The court then excluded the testimony. We are of opinion this testimony should have gone to the jury. This was the owner of the hog, and her feeling and animus toward the defendant ought to have been permitted to go to the jury in weighing her testimony. This matter has been before the court in a great number of cases, and evidence of this sort has always been held to be material. In Rosborough v. State, 21 Tex. App. 672, 1 S. W. 459, this language is found: "It will be seen that the rule is limited to collateral and irrelevant inquiries, and this is what renders it inapplicable in this instance; for the animus, the motive, or the ill will of a prosecuting witness—the injured person—is never a collateral or irrelevant question in a criminal case. The bias, the prejudice, thus shown is, in most cases, of the utmost importance, and is always material in order to enable the jury to form a correct judgment as to the credit to which the testimony of the witness is entitled. See the rule discussed in Hart v. State, 15 Tex. App. 202, 49 Am. Rep. 188; Newcomb v. State, 37 Miss. 383; Kent v. State, 42 Ohio St. 426; s. c., reported with a learned note in 6 Crim. Law Mag. p. 520. The proposed testimony was well calculated to show bias of the witness, and it was error to exclude it. There being so great a conflict between the testimony of the witness to be affected by this proof and that of other witnesses in the case, it was of the greatest importance that the evidence should have been allowed; and thus the error is material and requires a reversal of the judgment."

This rule has been followed in subsequent cases. The latest that the writer has noticed is O'Neal v. State, 57 Tex. Cr. R. 249, 122 S. W. 386, where this language was used:

"Animus, motive or ill will of a prosecuting witness is never a collateral or irrelevant question in a criminal case. The bias or prejudice can thus be shown and is in most cases of great importance, and is always material in order to enable the jury to form a correct judgment as to the credit to which the testimony of the witness is entitled. Rosborough v. State, 21 Tex. App. 672 [1 S. W. 459]; Hart v. State, 15 Tex. App. 202 [49 Am. Rep. 188]; Gregory v. State, 48 S. W. 577; Reddick v. State, 47 S. W. 993; and for a great number of authorities, see White's Annotated Code Criminal Procedure, § 1108."

This testimony should have been permitted to go to the jury, and we cannot agree with the court in his statement before the jury and in answer to the objection, that her answer was sufficient when she stated that it was for the court to say whether she wanted him sent to the penitentiary. It was not for the court. The court did not know her feeling; was not supposed at least to know, and could not answer for her. She knew whether or not, and could answer the question as to her feeling in regard to sending appellant to the penitentiary. It was not for the court, and he could not answer the question, and it was not a sufficient answer. We are of opinion the judgment must be reversed for this under the authorities cited.

[4] There was another question arising in the case which is hardly presented so that it can be considered, and attention is called to it so that if properly presented upon another trial the evidence ought to be admitted. After the hog was discovered to be missing, there was an examining trial, and the testimony of some of the state witnesses was different upon that trial from that testified on the trial in the district court resulting in this conviction. As before stated, the matter is presented in such way it can hardly be considered as a ground for reversal, yet upon another trial if this matter comes in a legitimate way the testimony ought to be admitted.

There was also an attempt to get additional testimony before the jury, but the bills are so indefinite they cannot be considered. The testimony seems to have been sought in the way of contradiction or impeachment of the state witnesses, especially the owner and the family of the alleged owner, to this effect, that they first accused a young white man in the neighborhood of stealing the hogs, and were informed that they had better not do that, better change their testimony, as they might get into trouble, legal and perhaps otherwise. If this testimony is offered in proper shape upon another trial it should be permitted to go to the jury. The record is so indefinite about this matter that it cannot be considered on this appeal, and it is only mentioned so that if properly presented upon another trial it will not be the subject of bills of exception in case there should be a subsequent conviction.

The judgment is reversed and the cause is remanded.