JIM POPE *v.* THE STATE.

No. 1303. Decided January 20, 1912.

Rehearing granted January 24, 1912.

**1.—Carrying Knuckles—Recognizance—Reinstatement.**

Where a sufficient recognizance was filed after the dismissal of the appeal, the same is reinstated.

**2.—Same—Conflict of Evidence.**

Where the evidence is conflicting, the matter is a question of fact for the jury.

**3.—Same—Evidence—Credibility of Witness.**

Where, upon trial of carrying brass knuckles, the defendant sought to prove facts which showed motive on the part of the witness who testified against him, and that the latter desired the conviction of the defendant and had provoked a former difficulty with the defendant, etc., the same should have been admitted to show the bias, interest, and prejudice of the witness and thus attack his credibility.

**4.—Same—Evidence—Animus—Credibility of Witness.**

Upon trial of unlawfully carrying brass knuckles the defendant should have been permitted to show the animus of a State's witness against the defendant, to attack his credibility, by showing that the latter objected and interfered when parties sought to separate the defendant and prosecutor, etc.

**5.—Same—Evidence—Character of Wound.**

Where, upon trial of unlawfully carrying brass knuckles, there was a conflict in the evidence as to whether defendant struck the prosecutor with brass knuckles or whether the prosecutor used the same on the defendant, it was reversible error not to permit the defendant to show the character of wound and bruises which were inflicted upon him by the prosecutor; the defendant denying that he used any brass knuckles.

Appeal from the County Court of Eastland. Tried below before the Hon. E. A. Hill.

Appeal from a conviction of unlawfully carrying brass knuckles; penalty, a fine of $100.

The opinion states the case.

*J. R. Stubblefield,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This appeal must be dismissed for want of sufficient recognizance. There is what purports to be a recognizance or appeal bond, which is totally insufficient. For want of a sufficient recognizance the appeal is dismissed.

*Dismissed.*

### ON REHEARING.

#### January 24, 1912.

DAVIDSON, PRESIDING JUDGE.—The appeal herein was dismissed recently for want of a sufficient recognizance. Appellant has supplied this defect in compliance with the statute. The appeal is reinstated, and the case will be disposed of on its merits.

Appellant was charged with carrying on his person knuckles made of some hard substance. The State shows, in substance, that during the fight between White and appellant that White knocked appellant down several times and made several cuts about his head and neck. That during the difficulty and about the time they were separated, that brass knucks were seen to fall from about the person of appellant, perhaps from one of his hip pockets. Appellant met this with evidence to the effect that he did not have brass knucks, and that the knucks evidently were used by White in making the attack upon him, and that when they were separated White had him down on his back, and these brass knucks were on his breast, and as he got up they fell off on the floor of the gallery, where the fight occurred. These matters were before the jury, and appellant defended on the theory that he did not at the time have knucks and never owned such thing.

While the witness White was on cross-examination, he testified that his feelings toward the defendant were neither good nor bad. Defendant then sought to elicit from the witness, and he would have testified, that it was a fact that he desired the conviction of the defendant in this case; that the witness had, a few days before the fight in which the knucks were discovered, provoked a difficulty with the defendant, in defendant's field, in which difficulty the defendant in this case got the best of the fight; also that a short time before the indictment was found in this case the witness had told one Brashears in his store at Staff, a brother-in-law of defendant and also of White, that if defendant did not rebate a certain note held against witness by defendant, he, witness, would report defendant

for carrying knucks, and that defendant had refused to allow such rebate on said note. It is also recited in the bill that the witness would have testified to these facts. The county attorney's objection to the introduction of this testimony was sustained upon the ground that it was immaterial, and the court refused to permit defendant to introduce this evidence. This is clearly error. Earle v. State, decided at the present term of the court; Watson v. State, 9 Texas Crim. App., 237; Daffin v. State, 11 Texas Crim. App., 76; Hart v. State, 15 Texas Crim. App., 202; Rosborough v. State, 21 Texas Crim. App., 672; Tow v. State, 22 Texas Crim. App., 175; Brownlee v. State, 48 Texas Crim. Rep., 408; Gregory v. State, 48 S. W. Rep., 577; O'Neal v. State, 57 Texas Crim. Rep., 249; Sapp v. State, 77 S. W. Rep., 456; Reddick v. State, 47 S. W. Rep., 993. Even where a witness admits his bias or prejudice, the extent of this may be shown. Mason v. State, 7 Texas Crim. App., 623; McGruder v. State, 35 Texas Crim. Rep., 214; Lyon v. State, 42 Texas Crim. Rep., 506. Defendant may also prove facts which show motive on the part of the witness to testify against him, or which show that the witness is testifying under circumstances which make it necessary to testify against defendant in order to save himself. Watts v. State, 18 Texas Crim. App., 381. Defendant may also show animus and prejudice on the part of State's witness towards him and its extent. In such examination great latitude is allowed when the object is to impeach the credit of such witness. Mason v. State, 7 Texas Crim. App., 623; Blunt v. State, 9 Texas Crim. App., 234; Daffin v. State, 11 Texas Crim. App., 76; Watts v. State, 18 Texas Crim. App., 381; Tow v. State, 22 Texas Crim. App., 175; Bennett v. State, 28 Texas Crim. App., 539; Lyon v. State, 42 Texas Crim. Rep., 506. Motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters. A party may prove declarations of the witness which tend to show bias, interest, prejudice or any other mental state or status which, fairly construed, might tend to affect his credibility. In addition to the cases already cited see Sager v. State, 11 Texas Crim. App., 110; Bonnard v. State, 25 Texas Crim. App., 173; Green v. State, 54 Texas Crim. Rep., 3; Gelber v. State, 56 Texas Crim. Rep., 460. These extracts and statements are taken from Branch's Criminal Law of Texas, sec. 861. The cases cited by Mr. Branch under these propositions sustain each proposition under which they are cited. The statements of the proposition are so clear, terse and accurate by Mr. Branch that it is deemed unnecessary to do more than to state the propositions as he has stated them. They are clear, forcible, to the point and accurate. The court, therefore, was in error in excluding this testimony.

There is another question that we notice in passing. Another bill recites that after the witness Capps had testified for the State, he was taken by appellant on cross-examination. After the witness had related the circumstances of seeing a pair of knucks fall from the

pocket of defendant, and after such witness had testified that his feelings toward the defendant were good, the witness testified, in substance, that just prior to the time of the difficulty between the prosecuting witness White and the defendant, during which difficulty the knucks were observed, and before White had come to where the defendant was, he, witness, had had a conversation with the defendant in the rear of the store, just as defendant was about to leave and before White arrived, and defendant sought to prove by the witness the character of conversation had by said witness with defendant on that occasion, that is, that he, witness, asked defendant if he had paid his fine for a previous fight he and White had been engaged in, to which defendant replied that he had, and started to move away, when witness said to the defendant, as he caught him by the arm, that he, defendant, need not hurry; that White has said he was satisfied (referring to the previous fight between White and defendant), and that he, defendant, need expect no further trouble from White; that immediately upon the completion of such conversation, White entered the front of the store and remained until defendant passed out. This evidence, we think, upon another trial should be permitted to go to the jury, in view of the fact that White asked appellant as he passed out of the store the same question with reference to paying his fine, and appellant notified him that he had paid it, and passed on, not suspecting any trouble, when White followed him on the gallery and struck him from behind on the neck or back of the head and cut a severe gash and knocked him down, and continued to strike him about the head, cutting gashes which bled profusely, and while they were fighting a proposition was made to separate them, and this witness Capps interfered and would not permit it to be done. We think this bore directly on the animus and went to the credibility of the witness, and should have gone to the jury. Upon another trial this testimony should be admitted.

There is another question shown by a bill, to wit: that after the fight and while the wounds were being dressed at the residence of appellant's father after the fight in which the knucks were seen, and after the wounds had been dressed, appellant sought to prove by two witnesses that the wounds about the defendant's face and head, and especially the wound on the back of the head, where the defendant claimed White had struck him, were bruises and cut wounds, and the one on the rear of the head was so bruised and cut that it was bleeding profusely and that they were such wounds as could not have been inflicted with a bare hand or fist, but that they were such as could only have been produced by some hard substance. To this the county attorney objected, and the court sustained the objection. This testimony should be admitted upon another trial. If these wounds could not be inflicted by the hand or fist, but could be administered by some hard substance, then it was material testimony, and such shorthand rendering of the facts as justified its going before the jury

for their consideration. There was no contention in this case there was any hard substance used by White as far as the State is concerned, the appellant's theory being that the wounds were inflicted upon him by some hard substance and not with the fist or hand of White. It is almost, if not quite, an inevitable proposition from the facts in this record that there was nothing about the parties to the fight except the brass knucks with which these wounds could have been inflicted. Appellant's contention is, which he supports by his evidence, that when White was pulled off of him the knucks were lying· on his breast and rolled off and White called the attention of by-standers to the fact that knucks were seen there, and when one of the parties picked up the knucks he caught the hand of the party holding the knucks and called attention to the fact. This would be strongly corroborative of appellant's evidence to the effect that he did not have the knucks, and that they were on his breast at the time, and the State's theory of the case is not correct and his was. Anyhow, it is a matter to go to the jury from which conclusions favorable to the defendant could be easily deduced. In this connection it may be stated that appellant could have used the knucks if he had had them, and that he inflicted no injury upon White, so far as the record goes to show, and that he was knocked down more than once by White, who got on him and was beating him when interference came and they were separated, and it was also shown in the fight the previous day or shortly before the one in question that defendant had the better of the fight and perhaps was the stronger man of the two.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*