### G. E. COMEGYS v. THE STATE.

No. 2384. Decided April 2, 1913.

Rehearing denied May 7, 1913.

**1.—Assault to Murder—Evidence—Rebuttal—Animus of Witness.**

Where, upon trial of assault to murder, defendant, on cross-examination of prosecutor attempted to show his prejudice against the defendant by introducing the declaration of said witness which consisted of an opprobrious epithet towards the defendant, there was no error in permitting the State to show why said witness used said epithet; besides, if error, the testimony of said State's witness showed that he wholly exonerated defendant of the implication made in said epithet, and, therefore, the error, if error, was harmless.

**2.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the court, in his main charge, and the special charges given at the request of the defendant, presented every issue in the case properly, there was no error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.

The opinion states the case.

*S. P. Hardwicke,* for appellant.—On question of permitting cross-examination of State's witness as to opprobrious epithets: Tippett v. State, 37 Texas Crim. Rep., 186; Mason v. State, 7 Texas Crim. App., 623; Blunt v. State, 9 id., 234; Daffin v. State, 11 id., 76; Watts v. State, 18 id., 381; Tow v. State, 22 id., 175; Bennett v. State, 28 id., 539; Earles v. State, 64 Texas Crim. Rep., 537, 142 S. W. Rep., 1181; Pope v. State, 65 Texas Crim. Rep., 51, 143 S. W. Rep., 611.

HARPER, JUDGE.—This is the second appeal in this case, the opinion on the former appeal being reported in 62 Texas Crim. Rep., 231, 137 S. W. Rep., 349. The facts are sufficiently stated on the former appeal to render it unnecessary to state them again.

There is but one bill of exceptions in the record, and that relates to the admissibility of certain testimony elicited from the prosecuting witness, John Reed, on redirect examination. This witness had testified on direct examination to an unprovoked assault on him by appellant on the morning of the difficulty; that he was unarmed, and when first fired on retreated. In this Reed was supported by several witnesses, while appellant contended that Reed was armed and attempting to shoot him at the time he fired, and he also has support in the testimony. With

this as the critical issue in the case, on cross-examination of Reed appellant asked him that if some time prior to the morning of the difficulty appellant had not spoken to him and he, Reed, had replied: "Don't you speak to me, you son-of-a-bitch." Appellant did this to show the intense animus and prejudice of Reed towards appellant, and on redirect examination the court permitted the State to prove by Reed that his reason for so addressing appellant was that "he believed appellant was implicated in the separation of him (Reed) and his wife." Appellant objected to this testimony, and the court instructed the jury not to consider the testimony for any purpose whatever against appellant, but they might consider it in passing on the credibility of the witness Reed.

Why did appellant ask Reed if he had called appellant a son-of-a-bitch, if it was not to show the animus, prejudice and bias of the witness? Certainly this was his purpose in so doing, and if he hoped to obtain that object by proving such fact, then wherein would it be erroneous to permit the witness to state why he had used the abusive epithet. In Branch's Crim. Law, section 861, it is said: "Defendant is entitled to show animus and prejudice on the part of a State's witness towards him and its extent. In such examinations great latitude is allowed when the object is to impeach the credit of such witness," citing Mason v. State, 7 Texas Crim App., 623; Blunt v. State, 9 Texas Crim. App., 234; Daffin v. State, 11 Texas Crim. App., 76; Watts v. State, 18 Texas Crim. App., 381; Tow v. State, 22 Texas Crim. App., 175; Bennett v. State, 28 Texas Crim. App., 539; Lyon v. State, 42 Texas Crim. Rep., 506, and in the recent cases of Earles v. State, 64 Texas Crim. Rep., 537, 142 S. W. Rep., 1181, and Pope v. State, 65 Texas Crim. Rep., 51, 143 S. W. Rep., 611, this rule is aptly restated and authorities extensively cited. And when testimony of this character is elicited for the purpose of affecting the credit of the witness, then whether or not the language was uttered under circumstances which should affect his credit may be shown. Tippett v. State, 37 Texas Crim. Rep., 186; Manley v. State, recently decided but not yet reported.

However, if we should be in error in holding this explanation of his using the language elicited by appellant, under the record in this case it would not be such error as would necessitate a reversal of the case, for after the court permitted Reed to state as the reason why he used the language, that he believed appellant was implicated in the separation of him and his wife, the court subsequently permitted Mrs. Reed to testify: "I was the wife of John Reed, the prosecuting witness. I certainly know why we separated, and I know Mr. Comegys (appellant) did not have anything to do with it, and did not know about it until it was over."

He also permitted the appellant on recross-examination of John Reed to prove that he (Reed) "never believed his wife was an impure woman; that he always believed she was a virtuous woman, and still believed so, and did not mean to create any other impression on the jury," thus wholly exonerating appellant as to any improper conduct towards Mrs.

Reed, and under such circumstances the error, if error there be, in admitting the statement, would be harmless.

In his general charge and the special charge given at the request of defendant the court presented every issue in the case in as favorable a light as it was necessary or proper to do, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 7, 1913.—Reporter.]