### JIM SHERLEY v. THE STATE.

#### No. 2977.  Decided February 4, 1914.

**1.—Local Option—Evidence—Bias of Witness.**

   Upon trial of a violation of the local option law it was reversible error not to permit defendant to show the ill-feeling, motive and bias of the prosecuting witness against the defendant.   Following Earles v. State, 64 Texas Crim. Rep., 537, and other cases.

**2.—Same—Evidence—Bill of Exceptions.**

   Where the bill of exceptions failed to show that the prosecuting witness had any reason to believe that the defendant was going to prosecute him or would be a witness against him in a certain matter, there was no reversible error, as the question of bias and ill-feeling of the witness, which could have been shown, was not properly connected up.

Appeal from the County Court of Madison.   Tried below before the Hon. J. M. Brownlee.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of selling intoxicating liquor in violation of the local option law to Jim Lagravier.

The prosecuting witness testifies that he got whisky from the defendant on or about the first of March, 1913. He testifies he was in his pasture and requested defendant to get him some whisky. Defendant said he could obtain it. The witness gave appellant the money for two quarts, and appellant left. That evening witness went by appellant's house and got a bottle of whisky. On cross-examination he said he had had trouble with defendant, in which he and others had been indicted at George, Texas, for making an assault on defendant. The defendant works some of the witness' land; he went by the house after the whisky and only got one quart; did not know where defendant got it. He did not get two quarts, but only one. Appellant testified that he never sold prosecuting witness any whisky in his life; that he lives on his place, and works some of his land, and other land near by owned by another party. He says: "If I ever in my life let Mr. Lagravier have any whisky I hope God will strike me dead this minute." He says: "I never let any one in my life have any whisky." He further testified that before this indictment was found prosecuting witness and others came to his house armed and beat him up with six-shooters. "I have the scars on my head now; they were indicted at George for making an assault on me." This is practically all the testimony in the case.

While Lagravier was testifying defendant asked him, on cross-examination, if he and others had not been "indicted" in the Justice Court at George, Madison County, before the filing of the indictment in this case against defendant for making an assault on defendant. The witness answered yes. He then proposed to prove by the witness that he, the witness, had a mortgage on defendant's property and tried to collect it before it was due, and that if he, witness, did not pay John Heath an indebtedness that the defendant owed Heath, and for that reason obtain a mortgage on the property of appellant, and if he did not go to the defendant long before this mortgage was due and before this indictment was filed and tell him that Heath had the officers after his property, and that he, witness, would take possession of it and keep it and not let Heath have it, and that if defendant did not come and get his property, and that that was the cause of witness and others beating him with their six-shooters, and for which their arrest occurred at George. This was offered to show the ill-feeling and animosity witness had towards defendant at the time he went before the grand jury and indicted appellant. The court sustained all of these objections by the State, and excluded the testimony, and qualifies the bill with this statement: "The witness had already testified on cross-examination that witness and others were indicted for whipping defendant."

Another bill shows while defendant was testifying he proposed to prove by himself the same facts; that is, in March or February prosecut-

ing witness told defendant that Heath was. after the property with an officer, and that he, prosecuting witness, took possession of the property, telling defendant that he was keeping it to keep John Heath from taking it; that the mortgage was not due until the following October, 1913; that prosecuting witness kept the property for several days, and that he, defendant, went to John Health to inquire about the matter, and Heath told him it was not true; that he, Heath, did not have any mortgage; that defendant had paid Heath in full; that defendant went back to the home of prosecuting witness and got his property, consisting of two horses and a mule, and that as soon as prosecuting witness came home and ascertained that the property had been taken by the defendant, the prosecuting witness and others came to defendant's house armed and beat him up with six-shooters, and that a complaint was filed in the Justice Court against prosecuting witness and others for making such assault on defendant, and after all these transactions prosecuting witness went before the grand jury and procured this indictment. This was offered for the same reason that the other testimony was offered, but excluded by the court on objection of the State. The court explains this by stating: "The court offered to permit the defendant to show, if he could, that the prosecuting witness, Jim Lagravier, had had a racket with him and had with others come to defendant, armed and beat him up with six-shooters, and that a complaint was filed in the Justice Court against said Lagravier and others for making said assault on .the defendant." We are of opinion that this testimony should have gone before the jury. It tended to show the ill-feelings, the motive and bias of the prosecuting witness against the defendant. The defendant was a negro and prosecuting witness a white man. Anything that tends to show ill-feelings, bias and motive of a witness is competent evidence, and while he was permitted to prove that prosecuting witness and others beat him with pistols, and that they were arrested for it, yet the other matters were germane and grew out and was part of it, and intensified, or tended to do so, the reason for the ill-will, motive and bias for the prosecution of this case. Earles v. State, 64 Texas Crim. Rep., 537. This is in line also with the recent decision of Turner v. State, yet unpublished, decided at the present term.

Another bill also shows that defendant offered to testify that he and others cleared some land for the prosecuting witness in the fall of 1912, and that the prosecuting witness paid for the work partly in cash and partly in whisky, and it was claimed by defendant this was material, because it showed motive on the part of the witness to have this appellant prosecuted in order to avoid having a case against him for selling whisky brought before the court. The trouble with the bill, however, is that it fails to show that the prosecuting witness had any reason to believe the defendant was going to prosecute him, or that he would be a witness against him in that particular matter. If this could have been shown or probably shown, then it might have entered into the reasons why prosecuting witness was acting as he did in this prosecution, and would tend

to show his bias and ill-will and motive. The bill is hardly sufficient, however, to show that as presented. If upon another trial the matter is connected up, the testimony would be admissible.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*