J. W. POPEJOY v. THE STATE.

No. 11480. Delivered October 24, 1928.

The opinion states the case.

*Lackey & Lackey* of Stinnett, for appellant.

On right to continuance appellant cites: Smith v. State, 285 S. W. 1094; McClendon v. State, 275 S. W. 1046; Derrick v. State, 272 S. W. 458; Bryan v. State, 271 S. W. 610; Mooney v. State, 273 S. W. 251; Wilson v. State, 190 S. W. 155; White et al. v. State, 236 S. W. 745, and Phipps v. State, 31 S. W. 399.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, five years.

Facts sufficient to illustrate the law points involved are briefly as follows:

Deceased and another had taken the appellant out in an automobile one night, shot him and severely beat him up. He claims that they were about to pour gasoline over him and set fire to him when he succeeded in escaping. The two, that is deceased and appellant, subsequently met at the post office in the town of Stinnett. According to appellant, deceased came towards him, cursing him and telling him that he would murder him with his own gun, whereupon he shot him after telling him to stop. The weapon used was a shotgun.

A first motion for continuance in proper form was presented and overruled. In this appellant alleged that he could prove by an absent witness, C. A. Davis, that he was an eye witness to the killing and the nearest person to same; that he saw deceased advance rapidly towards appellant and grab the gun of appellant, telling him he was going to kill him, at which time the gun was discharged. A contest was filed by the State to appellant's application for continuance setting out that witness had left the county permanently, was last heard of at some point in Iowa and that the witness would not testify as set out in the application. The truthfulness of absent testimony

cannot be made the subject of a controverting affidavit and may not be tested by the Court when an application for continuance is presented. Carpenter v. State, 98 Tex. Crim. Rep. 307. Under the terms of Art. 547, C. C. P., any material fact affecting diligence may be denied in writing by the adverse party. In this case it appears that the witness was under a legal subpoena and further was under bond to appear at the term of court at which this case was tried; it further appears by affidavit and by some of the testimony produced on the main trial from the State's witnesses that appellant's attorney did not know of the absence of this witness until Friday before the case was called the following Monday, and that the witness was then reported to be in Iowa broke and expressed a willingness to return if money was furnished him; it further appears that that witness' absence was temporary. It was also elicited by appellant from witnesses for the State who testified on the main trial that Davis was in fact present at the killing, State's witness R. C. Brown, Deputy County Clerk, testifying as follows:

"He was about three feet from where they were scuffling over that gun. I think he was closer to where they were than anybody else that I saw; he was right at it."

Others testified to substantially the same fact. It appears from the record that appellant has used due diligence to secure the attendance of this witness and that his testimony was highly material could not be disputed. The testimony of other witnesses whose names are set out in said application was made immaterial by the testimony of appellant and we do not discuss them.

The substance of another bill is that the Court erred in refusing to permit the appellant to impeach the wife of deceased, who manifested great grief while testifying for the State, by proof that she had married a bootlegger while drunk a few weeks after the killing of her husband. This was offered to affect her credibility as a witness and to show that her grief was simulated and her tears spurious. It has been ofttimes held that particular acts of misconduct are not admissible to affect the credibility of a witness. Ordinarily a witness as to such matters can only be impeached by showing that he has been legally charged with a felony or with a misdemeanor involving moral turpitude. McAfee v. State, 17 Tex. Crim. App. 139; Branch's P. C., Sec. 168. Of course this does not preclude proof of the previous history of the witness. It has been said:

"The previous conduct of the witness, his life and associations, whether irreproachable or the reverse, are all relevant. Every person

possesses, to a certain extent, the power of selecting his domicile and avocation. So the choice of his business and social connections, the circle of his friends and acquaintances, and his general mode and course of living are largely in his own control. If, therefore, he voluntarily associates with those who are engaged in disreputable pursuits, or if he is addicted to disgraceful or vicious practices, or follows an occupation which is loathsome and vile, though not perhaps criminal, no rule of law prevents such facts from being shown to determine his credibility, by questions put to him upon his cross-examination." Underhill's Criminal Evidence, Sec. 387.

Ordinarily the answer of a witness as to such matters is conclusive and cannot be made an issue by proof of the truth of the matters inquired about. Though the history of a witness may generally be shown, as a rule proof of mere accusations that have not eventuated in an indictment for a felony or misdemeanor involving moral turpitude are excluded. It was held in the case of Earle v. State, 142 S. W. 1181, that proof that the husband of a witness had procured a divorce from her on the ground of adultery was inadmissible. A cross-examination should not be unduly restricted but we are inclined to the view that appellant's bill of exception under the peculiar circumstances of this case shows no error. Even if admissible, its probative force is so doubtful as not to justify a reversal. The law does not furnish a yard stick by which the emotions of the human heart can be accurately measured. The presence or absence of tears is not always the correct measure of such emotions as the manifestations of sorrow are as varied as are the disposition and nature of different individuals. Circumstances of each case and the nature of each individual largely determine matters of this kind and an errant wife might suffer as poignant grief as this one appeared to manifest. Collateral issues of this kind always tend to lead the jury away from main issue, and some discretion must necessarily be given the trial judge.

We believe that under the circumstances of this case that no prejudicial error is shown in this bill, but for the error first pointed out the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.