## JUNE 27, 1934

### JOHN BARR V. THE STATE.

No. 16842. Delivered May 23, 1934.
State's Rehearing Denied June 27, 1934.

The opinion states the case.

T. R. Mears and C. E. Alvis, Jr., both of Gatesville, for appellant.

Tom L. Robinson, Dist. Atty., and Stinnett & Stinnett, Sp. Prosecutors, all of Gatesville, and Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifty years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed John Mayhugh by hitting and striking him with a stick of wood.

Appellant and deceased were neighbors. Apparently they had been on friendly terms until deceased had dug a ditch on his land across a road appellant had been accustomed to travel. Appellant filled this ditch up. Later he and deceased met and appellant got out of his wagon and approached deceased. The parties shook hands. According to the testimony of the only eye-witness introduced by the State, appellant asked deceased why he dug the ditch and deceased replied that he did it to keep people from going through his place. Appellant said: "Well, I went through there today and filled that ditch up." Deceased said: "You done me wrong." At this juncture, according to the testimony of the State's witness, appellant seized a wagon standard and struck deceased. Deceased fell to the side of the wagon. Appellant struck him again and deceased

fell out of the wagon on his head. A physician testified that deceased's death was caused by the wound he had received.

Testifying in his own behalf, appellant denied that he struck deceased, and declared that when he told deceased he had filled the ditch up deceased jumped and fell out of his wagon into a ditch, which was two feet deep and rough. He testified, further, that he picked deceased up and asked him if he was hurt. Appellant's sons, who were present at the time deceased was injured, corroborated their father's version of the transaction.

The State proved that prior to the present trial M. T. Taylor, a witness for the State, had signed an affidavit in which he stated that the testimony he had given at a former trial of appellant was false. It appears that the witness had given testimony at a former trial in harmony with the testimony given upon the present trial, that is, he had stated that appellant struck deceased with a stick and knocked him out of his wagon. After this testimony had been introduced by the State the district attorney proved by the witness Taylor that appellant had threatened to kill him unless he retracted the testimony he had given on the former trial and that he made the affidavit because he believed appellant would carry into execution his threats. Appellant testified that he had not threatened to kill the witness and, further, that the affidavit was voluntarily made by the witness. After this testimony had been given, the State proved, over appellant's proper objection, as shown in bill of exception No. 4, that the justice of the peace had placed appellant under a peace bond in the sum of one thousand dollars conditioned that he would not harm the witness Taylor. The bill of exception recites that every time this proof was made appellant interposed proper objection. Thereafter, the court instructed the jury as follows: "There has been admitted in evidence before you testimony with reference to the defendant being under a peace bond. You will not consider this testimony in passing on the guilt or innocence of the defendant in this case." We think the matter presents reversible error. It was incompetent to get before the jury the opinion of the justice of the peace that appellant had in fact threatened to kill Taylor if he did not retract his testimony. In making such proof, the State supported the testimony of Taylor and met appellant's denial of making threats to kill Taylor. The charge of the court did not withdraw the testimony, but merely instructed the jury that it could not be considered on the question of appellant's guilt or innocence. It

should have been withdrawn for all purposes. In view of the fact that Taylor was the only eye-witness introduced by the State, we think the matter presents reversible error.

We believe that upon another trial the entire conversation between the witness Taylor and one Ash should be admitted in evidence, if the State introduces any part of said conversation. The State having gone into the matter of the conversation between the parties, appellant should have been permitted to show the entire conversation. See art. 728, C. C. P.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—We have carefully re-examined the record in the light of the State's motion for rehearing.

It appears from Bill of Exception No. 4 that the State proved, over proper objection, that appellant had been placed under a peace bond in the sum of $1,000.00, conditioned that he would not harm the witness Taylor. It would appear that the State could have had no other purpose in making this proof than to support Taylor's testimony to the effect that he had retracted the testimony he had given against appellant on a former trial because of the fact that appellant had threatened to kill him. Whether the peace bond had been entered into prior to the date of Taylor's affidavit retracting the testimony or subsequent thereto is immaterial. In either event, the State was in the attitude of supporting Taylor's statement as to his reason for retracting his testimony by the proof mentioned. That it was incompetent to get before the jury the opinion of the justice of the peace that appellant had in fact threatened to kill Taylor is obvious. As pointed out in the original opinion, the court attempted in the charge to withdraw the testimony. However, the court simply told the jury not to consider it on the question of guilt or innocence. That was not tantamount to an express statement that it was withdrawn from consideration for all purposes. We might add that under the circumstances reflected by the record, the State having relied largely upon the evidence given by Taylor, the harmful effect of such testimony could not have been removed. This court has held on numerous occasions that the admission of testi-

mony which is obviously prejudicial and hurtful necessitates a reversal notwithstanding an attempt on the part of the trial court to withdraw it from the consideration of the jury. See Tex. Jur., Vol. 4, p. 591; Clements v. State, 134 S. W., 728. In other words, if the admitted testimony is of such damaging character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury it will be cause for reversal. See Hatcher v. State, 65 S. W., 97.

The State's motion for rehearing is overruled.

*Overruled.*