JOHN BARR V. THE STATE.

No. 17642.     Delivered June 12, 1935.

The opinion states the case.

*T. R. Mears* and *C. E. Alvis, Jr.,* both of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at confinement in the State penitentiary for a term of 45 years.

This is the second appeal in this case. The decision of this court on the former appeal will be found reported in 72 S. W. (2d) 905. (126 Texas Crim. Rep., 556.)

The record shows that appellant and deceased were neighbors; that they had been on friendly terms until the deceased dug a ditch on his land across a road which the appellant had been accustomed to using and over which he traveled. The

appellant filled this ditch up. Later he and deceased met in a road. The appellant got out of his wagon and approached deceased and asked him why he dug the ditch, to which deceased replied that he did it to keep people from going through his place. Appellant said, "Well, I went through there today and filled that ditch up." The deceased said, "You done me wrong." At this juncture, according to the testimony of the State's main witness M. T. Taylor, appellant seized a wagon standard and struck the deceased, knocking him to the side of the wagon and then struck him again, which caused the deceased to fall out of the wagon on his head. A physician testified that the deceased's death was caused by the wound he had received. The appellant, testifying in his own behalf, denied that he struck the deceased, but that the deceased fell out of his wagon into a ditch upon some rocks; that after the deceased had fallen out of the wagon he picked him up and asked him if he was hurt. The appellant's sons, who were also present at the time that the deceased was injured, corroborated him in his version of the transaction. The State proved that prior to the present trial the witness for the State, M. T. Taylor, had signed an affidavit in which he stated that the testimony he had given at a former trial of the appellant was false. It appears that the testimony given by the witness at a former trial is in harmony with the testimony given upon the present trial to the effect that he had stated that appellant struck the deceased with a stick and knocked him out of the wagon. After this testimony had been introduced by the State, the district attorney proved by the witness Taylor that appellant had threatened to kill him unless he retracted the testimony he had given on the former trial and that he made the affidavit by reason of the threats on the part of appellant. After this testimony had been elicited from the witness by the State the appellant on cross examination, through his counsel, asked the witness if it were not a fact that during the time he lived on the Mayhew farm if he, the said witness, was not engaged in the manufacture of intoxicating liquor and if said witness had not been going across the premises of the appellant in the manufacture of said liquor and if Mr. Barr, appellant, had not burned a barrel of mash for him and if he had not asked the appellant, Barr, to pay him for said mash and if that was not the reason for his giving the false testimony against Barr, to which questions and the answers thereto the State objected on the ground that it was immaterial and irrelevant, which objections were sustained by the court and the appellant excepted. The bill further discloses

that if the witness had been permitted to answer said questions he would have answered as follows: That he was engaged in the manufacture of intoxicating liquor and that on account of the appellant having burned his mash was the purpose for which he so testified.

It is obvious that this testimony was material and relevant in establishing the animus, motive or ill will of the State's main witness. In the case of O'Neal v. State, 57 Texas Crim. Rep., 249, this court said: "Bias or prejudice can thus be shown and in most cases is of great importance and is always material in order to enable the jury to form a correct judgment as to the credit to which the testimony of the witness is entitled." See Brownlee v. State, 48 Texas Crim. Rep., 408; Kissinger v. State, 70 S. W. (2d) 740, and authorities therein cited.

Having reached the conclusion that the trial court erred in excluding said testimony which would have shown animus, ill will, or prejudice on the part of the State's witness and a probable motive for testifying as he did, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.